IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 15-11560-DD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVIE JULIAN RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

Before: TJOFLAT, ROSENBAUM and JILL PRYOR, Circuit Judges.

BY THE COURT:

Davie Rodriguez appeals following his conviction and 235-month sentence for possession of a firearm by a convicted felon. He has moved this Court to vacate his sentence and remand for resentencing in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that the residual clause of the definition of violent felony in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is unconstitutionally vague, as well as a district court order of *nolle prosequi* as to one of his ACCA predicate offenses.

"Normally, when reviewing on direct appeal a ruling relying substantially upon precedent later overruled by the Supreme Court, we . . . simply remand the case to the district court for

reconsideration in light of the intervening Supreme Court decision." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (involving a habeas corpus case).

We review *de novo* whether a defendant's prior conviction constitutes an ACCA violent felony. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has 3 or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory minimum 15-year sentence. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). The ACCA defines violent felony as any crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

After the district court entered judgment in this case, the Supreme Court decided *Johnson*, and held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by the crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.

Here, the record indicates that the district court sentenced Rodriguez as an armed career criminal based on its determination that at least two of his three predicate convictions qualified as violent felonies under the ACCA's residual clause. The Supreme Court has struck down the residual clause as unconstitutionally vague, so there is no longer a legal basis to support the

district court's use of the ACCA's residual clause to apply an ACCA-enhanced sentence. *See Johnson*, 576 U.S. at ___, ___, 135 S. Ct. at 2557-58, 2563. As such, remand is appropriate to allow the district court an opportunity to resentence Rodriguez in light of the Supreme Court's intervening *Johnson* precedent. *See Jackson*, 437 F.3d at 1294. Additionally, Rodriguez has submitted documentation showing that a state court has entered an order of *nolle prosequi* as to his third ACCA predicate offense. Accordingly, his motion to vacate his sentence and remand for resentencing is GRANTED.